**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AKASH CHOPRA,**<br>**Petitioner,**<br><br>**v.**<br><br>**ANDY CRUZ, JOHN E. RIFE, MARKWAYNE MULLIN, U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-8607** |

**O R D E R**[1]

**AND NOW**, this 19th day of November, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")), Respondents' Brief in Opposition thereto (ECF No. 5), and Petitioner's Reply in Support of the Petition (ECF No. 6), it is hereby **ORDERED** as follows:

1. For the reasons set forth below, the Petition is **GRANTED**. The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on November 23, 2026.**

2. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.

3. The Government is temporarily enjoined from re-detaining Petitioner until **November 30, 2026**.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

4. If the Government decides to pursue re-detention of Petitioner after November 30, 2026, it must provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

5. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

6. Further, the Government is directed to respond to Petitioner's request for costs and reasonable attorneys' fees, as provided for by the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, on or before **November 27, 2026**. The Court will render its determination on the issue of attorneys' fees and costs after that date.

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

Petitioner, a native of India, entered the United States on or around October 13, 2024. (ECF No. 1 ¶ 19; ECF No. 5 at 2.) Petitioner encountered U.S. Border Patrol officers shortly after

entering the country, at which time he was detained, processed, and had removal proceedings initiated against him. (ECF No. 1 ¶ 20; ECF No. 5 at 2.) Petitioner was then released into the United States to live in Lehigh County, Pennsylvania, with his partner. (ECF No. 1 ¶ 20.) Petitioner asserts that he timely filed an application for asylum. (*Id.* ¶¶ 22, 75.) Petitioner has complied with all the conditions of his removal proceedings and immigration release, attended each hearing, and appeared at each scheduled Immigration and Customs Enforcement ("ICE") check-in appointment. (*Id.* ¶ 22) He has never been charged with or convicted of any crime. (*Id.* ¶ 75.) On or about November 10, 2026, Petitioner was taken into custody when he reported to the Immigration and Customs Enforcement ("ICE") Philadelphia Field Office for a routine check-in appointment. (ECF No. 1 ¶¶ 1, 23; ECF No. 5-1 at 3.) Respondents assert that Petitioner was served with a Form I-200 Warrant of Arrest during this arrest and a Form I-286 Notice of Custody Determination "during the processing of his detention." (ECF No. 5 at 2.) Petitioner is currently detained at the Philadelphia Federal Detention Center. (ECF No. 1 ¶ 24.)

Petitioner brings claims for relief based on violations of the "statute" and "regulations," Fifth Amendment procedural and substantive due process, and the *Accardi* doctrine. Though Petitioner does not specify, the Court construes his claims for "violation of the statute [and] regulations" (ECF No. 1 at 21) as seeking relief for violations of 8 U.S.C. § 1226(a) and its implementing regulations, given Petitioner's statements in the Legal Framework section of the Petition. Respondents concede that "this matter generally presents questions of law regarding detention under § 1226(a) and due process that are substantially the same as the questions this Court addressed in *Ovalles-Trejo v. Jamison*." (ECF No. 5 at 1 (citing *Ovalles-Trejo v. Jamison*, No. 26-6935 (E.D. Pa. Oct. 6, 2026) (Hodge, J.), Dkt. No. 14).) Incorporating and advancing the same arguments, Respondents maintain that § 1226(a) "conditions the government's discretionary

ability to detain only on the noncitizen being charged . . . as removable." (ECF No. 5 at 2–3.) Thus, Respondents contend that ICE acted in compliance with § 1226(a) and *Buele Morocho v. Warden Phila. FDC*, 189 F.4th 287, 305–06 (3d Cir. 2026), when detaining Petitioner. (*Id.*)

As a threshold matter, the Court concludes that it is appropriate to excuse prudential exhaustion of administrative remedies based on the clear and unambiguous violation of Petitioner's statutory and constitutional rights, described in more detail below. *See Ogundairo v. J.L. Jamison*, No. 26-cv-7681, 2026 WL 3549003, at *6 (citing *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988); *Dos Reis v. McShane*, No. 26-cv-03775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) (Sánchez, J.)).

As to the merits, and again for reasons this Court has articulated on numerous occasions, the Court rejects Respondents' position that Petitioner's detention without an individualized determination is consistent with § 1226(a). Detention under § 1226(a) requires an individualized determination as to whether the noncitizen poses a danger to property or persons and is likely to appear for future proceedings, and such a determination "cannot rely on the generalized findings that [a noncitizen] lacks citizenship or lawful status, that [a noncitizen] is subject to President Donald Trump's Executive Order, titled Protecting the American People Against Invasion, and that there is availability of bed space in an ICE or DHS detention facility." *See Ogundairo*, 2026 WL 3549003, at *7 (citation modified). No such determination occurred for Petitioner in this case. (ECF No. 5-1.) Furthermore, as this Court has repeatedly explained in similar circumstances, Petitioner's detention without a bond hearing violates his procedural due process rights, and the Government's interest in immigration enforcement and public safety does not outweigh Petitioner's interest in freedom from physical detention and the significant risk of erroneous detention. *See, e.g.*, *Ovalles-Trejo*, Dkt. No. 14 at 5 (finding that the petitioner was deprived of

procedural due process when he was detained without a bond hearing); *see also Colmenares-Medina v. Jamison*, No. 26-7732 (E.D. Pa. Nov. 6, 2026), Dkt. No. 10 at 4–6 (same).

In light of these dispositive conclusions, the Court does not address Petitioner's remaining claims.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**